IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PAUL JOHN HANSEN,

                    Plaintiff,                                    **8:20CV203**

         vs.

STATE OF NEBRASKA, an entity;                          **MEMORANDUM**
CITY OF OMAHA, an entity;                                **AND ORDER**
MARCELA A. KEIM, a man; JEFF L.
MARCUZZO, a man; MARY M.
ELLISTON, a man; and ERIN E.
MARCOTTE, a man,

                    Defendants.

        Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis.
(Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine
whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

        Plaintiff, who describes himself as "a man in land of Nebraska Peoples
Jurisdiction, a man without election to become a United States citizen" (Filing 1 at
CM/ECF p. 1), sues the State of Nebraska, the City of Omaha, a Douglas County
judge and "acting" judge (Defendants Keim and Marcuzzo), a city prosecutor
(Defendant Elliston), and a City of Omaha police officer (Defendant Marcotte)
because Plaintiff was arrested, charged, and convicted in Douglas County District
Court for driving without a registration and proof of insurance and driving during
suspension.[1] Plaintiff claims that in his county-court case, he was denied the right to

---

        [1] *See State v. Paul J. Hansen*, CR 16 29868 (County Court of Douglas
County), *available at* https://www.nebraska.gov/justice/case.cgi.

challenge the court's "personal, subject matter, and territorial (land) jurisdiction" by asserting the following argument: because Plaintiff is not a resident of any state, he was not "eligible, or qualified" for a State of Nebraska operator's license, and he therefore had the "right as a man, to travel in subject land, on the open-high-way, unrestricted, under the common law jurisdiction of the People of the same land, Nebraska." (Filing 1 at CM/ECF p. 3 (bold, underlining, and some punctuation omitted).) In each count of his Complaint, Plaintiff states that the location of his arrest—36th and L Streets in Omaha, Nebraska—is "land not evidenced as being of the United States." (Filing 1 at CM/ECF pp. 4-8.)

Plaintiff alleges that all Defendants "conspired to enrich themselves, of money and power, to do acts of tyranny, and deprive Plaintiff of the right to move about in a safe mode, in land not owned by any city, county, or state, of the United States." (Filing 1 at CM/ECF p. 9 (underlining removed).) The gist of Plaintiff's claims against each Defendant is that he is not governed by Nebraska state law, so he cannot be convicted of violating it, and the Defendants' actions in his Douglas County criminal case impaired his "right to movement" on "land not evidenced as being of the United States."

Plaintiff requests that his Douglas County Court conviction and sentence be vacated, as well as money damages and injunctive and declaratory relief.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

2

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The premise of all of Plaintiff's claims—that he is a man "with no election of United States citizenship" who is not subject to state law or authority—has been repeatedly rejected as frivolous. *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (characterizing as frivolous defendants' argument on criminal appeal that district court lacked jurisdiction to convict and sentence defendants because defendants were "special, sovereign citizens" to whom invalid federal statutes did not apply and because only "international jurisdiction" existed); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (argument that district court lacked jurisdiction over sovereign citizen who filed "common law liens" and "Sheriff's Posse Comitatus Common-law Great Charter"—a writing stating that the federal, state, county, and city governments were acting unconstitutionally—was frivolous); *Yisrael-Bey v. O'Toole*, No. 4:17-CV-2631, 2018 WL 10425462, at *1 (E.D. Mo. Feb. 5, 2018) (plaintiff's Fourth Amendment false arrest and false imprisonment claims were frivolous when plaintiff claimed that neither state nor federal government had ability to bring criminal charges against her; "Arguments based on the 'sovereign citizen' or 'private citizen' movement cannot establish subject matter

jurisdiction in this action under the Fourth Amendment."); *Formanack v. Stillwater Towing Inc.*, No. CV 17-3822, 2018 WL 1512293, at *1 n.2 (D. Minn. Jan. 17, 2018) (citing cases describing sovereign citizen as one who considers himself to be his own sovereign—not a United States citizen—and who believes he is not subject to government authority); *Sochia v. Fed.-Republic's Cent. Gov't*, No. CIVA SA06CA 1006 XR, 2006 WL 3372509, at *5 (W.D. Tex. Nov. 20, 2006), *amended in irrelevant part*, No. CIV.A. SA-06-CA-1006, 2006 WL 3435469 (W.D. Tex. Nov. 28, 2006) ("Claims that individuals are not citizens of the United States but are solely citizens of a sovereign state and not subject to federal taxation have been uniformly rejected by the courts."). Accordingly, Plaintiff's Complaint shall be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

IT IS ORDERED:

1.    This action is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.    Judgment shall be entered by separate document.

Dated this 11th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge